IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHANCELLOR'S LEARNING SYSTEM, INC., | ) CASE NO.  1:07 CV 1623 |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| | ) MEMORANDUM OPINION |
| LAKETTIA M. McCUTCHEN, | ) AND ORDER |
| Defendant/Counter-Claimant. | ) |

This matter is before the Court on the Defendant/Counter-Claimant's Motion to Remand. (ECF #7).  The motion to remand is opposed by the Plaintiff/Counter-Defendant (ECF #8). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the motion to remand is hereby GRANTED.

## FACTS[1]

Plaintiff Chancellor's Learning System, Inc. ("Chancellor") filed a Complaint against the Defendant, Lakettia M. McCutchen in the Cleveland Municipal Court seeking payment on a retail installment contract.  Chancellor's Learning System, Inc. v. Lakettia M. McCutchen, Cleveland Municipal Court Case No. 06 CVF 21341.  While that Complaint was pending, Ms. McCutchen filed a Counterclaim, and then a First Amended Counterclaim alleging a class action

---

[1] The facts have been taken from Defendants' Opposition to Motion for Remand and the Court's docket, and except where otherwise noted, appear to be undisputed.  The Court will adopt these facts for the purposes of this motion only.  Adoption of these facts for this purpose does not equate to a finding of fact by this Court and shall have no bearing on any subsequent determinations of the substantive issues involved in this action.

against Chancellor for alleged violations of the Federal Truth in Lending Act, 15 U.S.C. §1601, *et seq.* and several Ohio state consumer protection statutes.   Chancellor subsequently voluntarily dismissed its Complaint without prejudice and sought removal of the action to Federal Court the same day.   Ms. McCutchen claims that, as Plaintiff in the original action, Chancellor had no right to remove the case, and she seeks to have the action remanded to the Cleveland Municipal Court.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of America., 511 U.S. 375, 377 (1994).  A Defendant may remove a case which has originally been filed in state court to a federal district court pursuant to 28 U.S.C. § 1441(a) if the district court has original jurisdiction over the matter.  Removal is appropriate when a civil action is founded on a claim or right arising under a federal law.  28 U.S.C. § 1441(b); see also, 28 U.S.C. § 1331.  Removal of a state civil claim is proper when adjudication of the claim inherently requires an interpretation or application of federal statutory or constitutional law.  See Hopkins v. Walker, 244 U.S. 486 (1917); Franchise Tax Bd. v. Constr. Laborers Vac. Trust, 463 U.S. 1, 9 (1983).

Generally removal under 28 U.S.C. § 1441(b) is appropriate only if a federal question appears on the face of the complaint.  See, e,g., Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987).  Courts strictly construe the removal statutes and all doubts are to be resolved in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), Keller v. Honeywell Protective Services, 742 F. Supp. 425, 426 (N. D. Ohio

2

1990). The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

Brierly, v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir.1999). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction.

## ANALYSIS

There is no question that the Complaint giving rise to this action raised no issue of federal law. The Complaint sought enforcement of a contract under state law, and it could not have been brought by the Plaintiff in federal court. There is also no question that the right of removal extends only to defendants and not to plaintiffs and that a federal counterclaim does not establish federal jurisdiction. See Shamrock Oil, 313 U.S. at 106; Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002) (the 'well pleaded complaint' rule does not permit a counterclaim to serve as the basis for "arising under" federal jurisdiction pursuant to 28 U.S.C. §1331). In Holmes, the Supreme Court reiterated the primary reasons supporting the well settled rule that state cases are not to be removed based upon federal claims contained in counterclaims:

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." Caterpillar Inc., 482 U.S. at 398-399. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum,

3

> simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "due regard for the rightful independence of state governments" that our cases addressing removal require. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 85 L. Ed. 1214, 61 S. Ct. 868 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See Franchise Tax Bd., supra, at 11.

Holmes, at 831-832.

Plaintiff strives to avoid remand of the Counterclaim by having itself be designated as the "functional defendant." Thus, the question in this case is whether, upon the Plaintiff's voluntary dismissal of its claim, the Counterclaim became the "Complaint" and the Plaintiff became the "functional defendant" for purposes of the removal statute.

The United States Supreme Court has recognized a very limited set of circumstances wherein a party that is listed as a plaintiff may, in fact, be a functional defendant for purposes of the removal statute. Mason City & Fort Dodge Railroad Co. V. Boyton, 204 U.S. 570 (1907). ("It is quite conceivable that a state enactment might reverse the names which for the purposes of removal this court might think the proper ones to be applied.") In Mason, a state statute governing the railroad's acquisition of land from reluctant landowners assigned party designations that did not correctly reflect the party actually seeking relief. By its ruling in Mason, the Supreme Court merely sought to prevent individual states from altering the federal removal rule by transposing the traditional plaintiff and defendant designations. Therefore, all Mason holds is that when a complaint is filed, it is the party seeking relief who is treated as the plaintiff regardless of the party designation assigned by the state.

The test to determine if a plaintiff may be a "functional defendant" was more fully set

forth in Allstate Insurance Co. v. Blankenship, 2005 WL 2095679 (E.D. Ky. 2005).  In that case, Allstate Insurance filed a Petition for a Rule 35 examination in state court.  The state court ordered Ms. Blankenship to attend a Rule 35 examination and struck the action from its docket.  Months later, Ms. Blankenship moved the state court to reopen the civil action by filing a document she entitled a "complaint" alleging breach of contract and statutory duties against Allstate.  The state court re-opened the action and called Ms. Blankenship's complaint a counterclaim.  Allstate removed the action to federal court.   In ruling on Ms. Blankenship's motion to remand, the federal district court noted the general rule that provides that "a plaintiff who elected state court jurisdiction when filing the complaint may not later remove the action to federal court, even though a counterclaim would treat the plaintiff as a defendant under a state law." (citations omitted).  The court also recognized a limited exception to this general rule that some courts have applied called a "functional test" to determine if removal should be permitted.  Under the functional test, a federal court may realign the parties if the counterclaim is the "mainspring" of the action.  The court noted that this may be true in cases such as Allstate where the plaintiff filed a limited action, such as the Petition for a Rule 35 examination, that is ruled on by the Court and the action terminated and the defendant later files a counterclaim permitting federal jurisdiction if it were designated as the complaint.  In Allstate, the federal court denied the motion to remand finding, based on the rationale of Mason City, supra, that the state court's determination that Ms. Blankenship was a defendant in the re-opened case and re-definition of her complaint as a counterclaim, was not binding on it, and based on these facts, re-aligned Ms. Blankenship as the plaintiff permitting Allstate to remove.

     In this case, the facts do not warrant re-aligning the parties.  Chancellors brought a breach

5

of contract action in state court against Ms. McCutchen.  Ms. McCutchen answered and filed a counterclaim asserting a claim under a federal statute.  Thereafter, plaintiff Chancellors makes a strategic decision to dismiss its complaint without prejudice and remove the action to federal court on the same day.  Chancellors' breach of contract action was not a limited or ancillary action.  Moreover, Ms. McCutchen's counterclaim arises out of the same facts and circumstances as Chancellors' claim.  Chancellors' claim has not been adjudicated and by dismissing without prejudice, Chancellors may intend to re-assert the claim as a counterclaim in federal court if removal is permitted.   Even if it does not re-file its claim as a counterclaim, it clearly intends to use it as a setoff to Ms. McCutchen's claims.  Accordingly, the Court finds that Chancellors is not a functional defendant and will not re-align the parties to enable Chancellors to forum shop.  As Chancellors is not a defendant it may not remove the action based on Ms. McCutchen's counterclaim.

## CONCLUSION

For the reasons stated above, the Defendant/Counter-Claimant's Motion to Remand (ECF #7) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c) this action will be REMANDED to the Cleveland Municipal Court.

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  January 29, 2008